```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------

UNITED STATES OF AMERICA,

              - against -

TED ALBIN,

                    Defendant.

23-cr-664 (JGK)

MEMORANDUM OPINION AND ORDER

------------------------------------------------------

JOHN G. KOELTL, District Judge:

The defendant has moved in limine to preclude portions of the testimony of the Government witness, Brian Koch. In a prior in limine ruling, the Court allowed the testimony of Koch as a fact witness about basic background information on the Medicare program and Medicare regulations, including the Medicare requirements for durable medical equipment ("DME") supply companies, the Medicare claims process, and Medicare rules and procedures concerning reimbursement and the prohibition on kickbacks. The Court previously ruled that this kind of testimony is admissible as lay testimony by a person experienced in dealing with a complex regulatory scheme, pursuant to Federal Rule of Evidence 701, because it is based on personal experience and perception, not on "scientific, technical, or other specialized knowledge within the scope of Rule 702." See, e.g.

1

United States v. Naumovski, No. 20-cr-384, 2023 WL 5806171, at *1-2 (E.D.N.Y. Sept. 7, 2023).[1]

The Court also recognized, however, that the witness's testimony should not stray into instructions on the law, which is the province of the Court. See United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) (explaining that witness testimony may "not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it"). The Court therefore required the Government to provide to the defendant the detailed disclosure that would otherwise be required of an expert witness. The Government provided that disclosure, and in turn, the defendant lodged several objections to the proposed testimony of Koch.

I.

Preliminarily, the Court notes that it is prepared to give a limiting instruction for the testimony by Koch. The Court invites the parties to propose such an instruction. The gist of the instruction would be as follows: "Mr. Koch is being called as a witness to furnish you with background information on the Medicare program and Medicare regulations, including the

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Medicare requirements for DME supply companies, the Medicare claims process, and Medicare rules and procedures concerning reimbursement and the prohibition on kickbacks. He is not here to instruct you on what the law requires. The Court will instruct you on the specific statutes that the defendant is accused of having violated. You must accept the Court's instructions on the law." See Bilzerian, 926 F.2d at 1295.

## II.

First, the defendant moves to preclude any testimony regarding the professional and ethical obligations of certified third-party billers, beyond Medicare's rules and procedures. In response, the Government represents that it does not intend to elicit testimony about ethical obligations of certified billers. Rather, the Government expects the witness to testify about Medicare payment rules and procedures for claims that are inaccurate, false, unsupported by appropriate medical documentation, or violated Medicare laws, regulations and program instructions. The motion is therefore **denied as moot.**

Second, the defendant moves to preclude testimony about the policy purposes underlying Medicare's rules. Testimony regarding the policies that determine which claims Medicare will reimburse is fact testimony that would help the jury determine whether claims submitted by the defendant were false and fraudulent, as well as the defendant's intent. See United States v. Ahmed,

14-cr-277, 2016 WL 1647686, at *12 (E.D.N.Y. July 1, 2016). Similarly, testimony about the rationale for prohibiting kickbacks based on the witness's familiarity with the Medicare rules and regulations is an acceptable are of testimony for the witness. See, e.g., United States v. Vargas, 18-cr-76, Tr. at 144, ECF No. 93. Of course, if there is any instruction on the law that is required, the parties should suggest that instruction to the Court. See Bilzerian, 926 F.2d at 1294. The motion to preclude this testimony is therefore **denied**.

Third, the defendant objects to testimony about what the Anti-Kickback Statute means and what conduct it covers. The Government responds that Koch will not testify about the meaning of the Anti-Kickback Statute. Rather, Koch will testify about what a kickback is, based on his personal experience. That is appropriate factual testimony. The testimony is not about the defendant's specific conduct but rather provides the jury with helpful factual background that may inform the jury's decision as to whether there were kickbacks in this case. See United States v. Roque, No. 18-cr-373, 2022 WL 118148, at *3 (N.D. Cal. Jan. 12, 2022); Vargas, 18-cr-76, Tr. at 142-45. The motion to preclude is therefore **denied**. If necessary, the parties should request a specific limiting instruction regarding Koch's testimony in this area.

Fourth, the defendant moves to preclude Koch from introducing "broad statements" that are contained in his 3500 material. The Government responds that it does not intend to elicit broad statements about unrelated fraud investigations. This portion of the defendant's motion is therefore **denied as moot**.

## CONCLUSION

In sum, the defendant's motion is **denied without prejudice** to any further motions directed to other specific aspects of Koch's testimony.

**SO ORDERED.**

Dated:   New York, New York
         June 9, 2025

_____
John G. Koeltl
United States District Judge