**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

    - against -

**TED ALBIN,**

       **Defendant.**

---

**23-cr-664 (JGK)**

**<u>Order</u>**

**John G. Koeltl, District Judge:**

   At sentencing on March 19, 2026, the Court deferred the imposition of an order of restitution "[b]ecause there [are] sufficient questions with respect to the amount of restitution and because the defense submission with respect to restitution was submitted only one day before sentencing, the Court will defer the determination of the amount of restitution for at least 60 days. <u>See</u> 18 U.S.C. § 3664(d)(5), which allows deferral for 90 days." Sentencing Tr. 11, ECF No. 237. The Supreme Court has held that a district court retains the power to order restitution beyond the 90-day deadline, at least where the court has made clear (as the Court has done in this case) that the court intends to order restitution. <u>Dolan v. United States</u>, 560 U.S. 605, 608 (2010); <u>accord</u> <u>United States v. Pickett</u>, 612 F.3d 147 (2d Cir. 2010) (per curiam).

   The Government subsequently submitted a letter dated May 1, 2026 (ECF No. 236), and the defense submitted a letter dated May 15, 2026 (ECF No. 239).

   The parties' submissions do not resolve the questions the Court had after the pre-sentence submissions with respect to the amount of restitution.

The Court of Appeals teaches: "While a restitution amount need not be 'mathematically precise' and a 'reasonable approximation will suffice, especially in cases where an exact dollar amount is inherently incalculable,' . . . the approximation must be 'supported by a sound methodology.'" United States v. James, 151 F.4th 28, 49 (2d Cir. 2025) (internal citation omitted). In the current submission, the Government has not attempted to defend its calculation other than to rely on the Court's assessment of intended loss in the Guideline calculation, but the loss figure for the purposes of the Guideline calculation may not be the same as the calculation for restitution purposes, particularly when all parties agree that the Guideline calculation produced a Guideline Sentencing Range that was extraordinarily in excess of any reasonable sentence.

Therefore, the Government should make a supplemental submission of the appropriate amount of restitution using a sound methodology. In doing so, the Government should explain why all of the amounts paid to companies listed on Government Exhibit 801 were fraudulently obtained, including the companies associated with Mr. Swiss, and the three new companies added after the disposition of the charges against Ms. Foley, namely: Victory Medical, Amerisource Medical Equipment and Supplies, and Prescription Connection. The Government should not incorporate by reference prior submissions. The Government should make its submission by **June 12, 2026**.

The defendant should respond by **June 26, 2026**. The defendant should not incorporate by reference prior submissions.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **May 28, 2026**

_____
**John G. Koeltl**
**United States District Judge**

3