UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

TED ALBIN,

Defendant.

23-cr-664 (JGK)

**Order**

**John G. Koeltl, District Judge:**

This Order responds to defense counsel's July 31, 2026 letter (ECF No. 249).

1. Defense counsel indicates that the defendant requests to appear telephonically for the issuance of the restitution order but "waives his right to appear in person for the issuance of the restitution order." The Court would generally issue the order of restitution that is entered after the sentencing proceeding by issuing an order or, in this case, an opinion. However, because it is an open question whether a defendant has the right to appear for the imposition of restitution, the Court requests the defense to confirm that the defendant wishes to appear by telephone for the Court's reading of the opinion determining the amount of restitution. The defense should respond by **Monday, August 10**. Given the parties' availability, any telephone conference would be scheduled in September.

2. The defense charges that the Government has expanded its theory of restitution by including billings to Medicare that were made by co-conspirators rather than by Grapevine. But the Government's July 6, 2026 letter argues that while the amount of restitution could include victims' losses caused by reasonably foreseeable actions of co-conspirators, the original restitution submission by the Government could be reasonably limited to the period when Grapevine was the billing agency for the ten DME suppliers. The Government therefore proposed limiting the amount of restitution for DME prescriptions from Victory, Prescription Connection, and Bio Drug to the period

when Grapevine was the billing agency. The Government proposed limiting the amount of restitution sought, not increasing it.

3. The Court has carefully reviewed the defense argument as to whether notes of a witness interview were Brady material and should have been produced earlier. The Court is unpersuaded that the notes constitute Brady material. The defense is of course free to seek any remedies that it believes are well-founded and available. See ECF No. 242, at 3 n.2.

**SO ORDERED.**

**Dated:** **New York, New York**
**August 5, 2026**

**John G. Koeltl**
**United States District Judge**